NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0490n.06

No. 10-6556

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 15, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DAVID BROOKS,

    Defendant-Appellant,

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

Before: SILER, COLE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. David Brooks pled guilty to counterfeiting money in violation of 18 U.S.C. §§ 471 and 472, and to possessing counterfeited money in violation of 18 U.S.C. § 472. The district court sentenced him to fifteen months' imprisonment, which was at the bottom of his Guidelines range. The court cited three reasons for Brooks's sentence: first, Brooks was "the most culpable" defendant; second, he committed the crime while on state probation; and third, he needed "structure" and "rehabilitation," indicating that he would receive both while in prison. [R.80, at 38, 35.] Brooks now appeals his sentence as substantively unreasonable.

We presume that Brooks's within-Guidelines sentence is reasonable. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Brooks attempts to overcome this presumption by arguing, among other reasons, that the district court failed to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). The

No. 10-6556
*United States v. Brooks*

Supreme Court recently held that this section categorically "precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia v. United States*, — U.S. —, 2011 WL 2369395, at *8 (2011). Here, as there, "the sentencing transcript suggests the possibility that [Brooks]'s sentence was based on [his] rehabilitative needs." *Id.* at *9. Specifically, the district court told Brooks that he "need[ed] more structure" and "rehabilitation very much[.]" [R.80, at 35, 38.] Although there is nothing improper about these observations by the district court, the record here suggests that the district court may have considered Brooks's rehabilitative needs as a sentencing factor. We therefore vacate his sentence and remand for resentencing.